UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES,<br><br>            Plaintiff,<br><br>  v.<br><br>RICK YOUNG<br><br>            Defendant. | 3:08-CR-0120-LRH-VPC<br><br>ORDER |

Before the court are defendant Rick Young's ("Young") motion for new trial (Doc. #176[1]) and motion for acquittal (Doc. #177).

## I.   Facts and Background

On March 30, 2011, defendant Rick Young ("Young") was convicted on various counts charged in the second superseding indictment (Doc. #70) including: (1) Count One for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; (2) Counts Two and Six for wire fraud in violation of 18 U.S.C. § 1343; (3) Counts Seven, Ten and Eleven for money laundering in violation of 18 U.S.C. § 1957; and (4) Count Thirteen for securities fraud in violation of 15 U.S.C. § 78j(b) (Doc. #170). Along with his conviction, Young was subject to a forfeiture judgment for certain real property and a money judgment. Doc. #182.

---

[1] Refers to the court's docket number.

After his conviction, Young filed the present motions for a new trial (Doc. #176) and for acquittal (Doc. #177).

## II.     Motion for Acquittal

Under Rule 29 of the Federal Rules of Criminal Procedure, a district court may set aside a jury verdict and enter an acquittal. FED. R. CRIM. P. 29(c)(2). When assessing the merits of a motion for acquittal, a district court must determine whether, viewing the evidence in the light most favorable to the government, the jury could reasonably find the defendant guilty beyond a reasonable doubt. *See United States v. Merriweather*, 777 F.2d 503 (9th Cir. 1985). "The relevant inquiry is not whether the evidence excludes every hypothesis except guilty, but whether the jury could reasonably arrive at its verdict." *United States v. Mares*, 940 F.2d 455, 458 (9th Cir. 1991).

In his motion for acquittal, Young argues that the court should vacate his convictions on the three money laundering counts in light of the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008), and its subsequent Ninth Circuit progeny because the government failed to proffer evidence at trial that the monetary transactions charged in the second superseding indictment involved "profits," rather than simply receipts, of the alleged scheme to defraud. *See* Doc. #177. Further, Young argues that the money laundering convictions should also be vacated because the government failed to present evidence of an intent to hide or conceal the source or existence of the money. *Id*. Finally, Young contends that the forfeiture judgment should be vacated because only money laundering charges support forfeiture and once the court vacates those convictions, there is no basis to maintain the forfeiture judgment. *Id*. The court shall address each argument below.

### A. *Santos* and Money Laundering

In *Santos*, the Supreme Court, in a plurality decision, held that the definition of proceeds within 18 U.S.C. § 1956 means profits when to define it otherwise (like gross receipts) would cause a merger with the underlying criminal act. *Santos*, 553 U.S. at 515-516; *United States v. Van*

*Alstyne*, 584 F.3d 803, 814 (9th Cir. 2009) ("We therefore view the holding that commanded five votes in *Santos* as being that proceeds means profits where viewing proceeds as receipts would present a merger problem of the kind that troubled the plurality and concurrence in *Santos*."). The court went on to hold that if there is a merger between the underlying crime and the money laundering conviction, then the money laundering conviction must be vacated absent evidence that the monetary transaction involved the actual profits of the underlying crime. *Santos*, 553 U.S. at 516-517.

Whether a monetary transaction merges with a crime depends "on the manner and timing of payment for the expenses associated with the commission of the crime." *Santos*, 553 U.S. at 516. For merger to occur in a wire fraud action, the monetary transaction at issue must be a "central component" of the scheme to defraud. *See Bush*, 626 F.3d at 535; *see also, United States v. Moreland*, 622 F.3d 1147, 1166 (9th Cir. 2010) (holding that alleged commission payments were central to carrying out the underlying scheme's objective of encouraging further investment and therefore, raised the same merger problem identified in *Santos*).

Here, Young was convicted on three counts of money laundering: (1) Count Seven relating to a transfer of $32,500 to Paystone Corporation; (2) Count Ten relating to a transfer of $167,520 to Merchant Services; and (3) Count Eleven relating to a transfer of $202,000 to the Global One Payout Account. Doc. #170. Young argues that these transactions were necessary business expenses central to carrying out and continuing the alleged scheme to defraud and thus, they present the same merger problem addressed in *Santos*. Therefore, Young contends that the government was required to proffer evidence at trial that the monetary transactions involved "profits" of the alleged scheme, and because the government failed to proffer such evidence, these convictions must be vacated.

///

///

**1. Count Seven**

Count Seven involved a $32,500 transaction to Paystone Corporation. The evidence at trial established that Young used the Paystone account to make "investment" payments to early investors of Global One. The court has reviewed the documents and pleadings on file in this matter and finds that the facts underlying Count Seven are substantially similar to the vacated money laundering count in *Van Alstyne*, 584. F.3d 803.

In *Van Alstyne*, the defendant issued distribution checks that supposedly represented generous returns on his victims' investments when in fact there was no actual investment. 584 F.3d at 815. These payments, the court held, "directly inspired investors to send more . . . which could then be used to pay returns to other investors," and was therefore a central component of the scheme to defraud because the very nature of defendant's scheme required some payments to investors for the scheme to be successful. *Id*. Therefore, the court concluded that "convict[ing] Van Alstyne of money laundering for the bank transfers inherent in the "scheme" central to the mail fraud charges thus presents a "merger" problem parallel to the one that underlay the majority result in Santos" and ultimately vacated the related money laundering convictions for lack of evidence and jury instructions at trial regarding "profits." *Id*.

Here, the transaction to Paystone Corporation was necessary for Young to carry out his scheme to defraud because the payments to early investors were required to attract new investors and perpetuate the scheme. As such, the transaction was a central component of the scheme to defraud and the government was required to proffer evidence that the monies used in the transaction were the profits of the scheme. As the government failed to proffer any evidence concerning whether the monies were the profits of the scheme the court must vacate Young's conviction on Count Seven, money laundering in violation of 18 U.S.C. § 1957, pursuant to *Santos* and *Van Alstyne*.

///

### 2. Count Ten

Count Ten involved a $167,520 transfer to Merchant Services. Like Count Seven, the evidence at trial established that the Merchant Services account was used to make payments to early investors in the scheme. Thus, for the same reasons outlined above in the court's analysis of Count Seven, the court vacates Young's conviction on Count Ten, money laundering in violation of 18 U.S.C. §1957.

### 3. Count Eleven

Count Eleven involved a $202,000 transfer to Global One's Payout Account. The court has reviewed the evidence at trial, as well as the documents and pleadings on file in this matter, and finds that this monetary transaction was not a central component of Young's scheme to defraud. The evidence at trial established that Young used this general business account to fund extravagant non-business personal purchases for himself and his wife. The account was not used to make payments to investors but was used primarily as a means for Young to enrich himself. Thus, because the transfers were not a "central component" of the underlying scheme to defraud, there is not a merger issue arising from the distribution of these funds. Accordingly, the court shall deny Young's motion as to this count.

### B. Intent to Hide or Conceal

In his motion, Young argues that a transfer of money from one bank account to another does not constitute money laundering because there must be a specific intent to hide the provenance of the funds. *See* Doc. #177. Young's position is without merit. There is no legal authority within the Ninth Circuit, or any circuit, that requires an intent to hide or conceal the funds in order to be convicted of money laundering. *See e.g., United States v. Allen*, 129 F.3d 1159, 1160 (10th Cir. 1997) (holding that 18 U.S.C. § 1957 does not contain any requirement that the underlying monetary transaction be designed to conceal the source of the funds). Accordingly, the court shall deny Young's motion as to this issue.

**C. Forfeiture Judgment**

Young argues that because the money laundering counts should be vacated, the court should likewise vacate the forfeiture judgment because only a money laundering conviction can support a forfeiture claim. *See* Doc. #177.

The court has reviewed the documents and pleadings on file in this matter and finds that Young's motion is without merit. Pursuant to 18 U.S.C. § 981(a)(1)(c), offenses supporting forfeiture include all those offenses listed in Section 1961(a), which includes wire fraud. *See* 18 U.S.C. 1961. Further, every appeals court that has addressed this question has held that 28 U.S.C. § 2461(c) permits criminal forfeiture of proceeds from a wire fraud conviction. *See United States v. Day*, 524 F.3d 1261, 381 (D. D.C. 2008) ("We find that criminal forfeiture is available for general mail and wire fraud violations, not merely those affecting financial institutions."); *United States v. Jennings*, 487 F.3d 564, 584-85 (8th Cir. 2007) (holding that Section 2461 allows for criminal forfeiture of the proceeds of mail fraud). Moreover, because the court is not vacating the money laundering conviction for Count Eleven, even if Young was correct that only a money laundering conviction could support forfeiture, there is still a basis for the forfeiture judgment. Accordingly, the court shall deny Young's motion as to this issue.

**III.  Motion for New Trial**

Under Rule 33 of the Federal Rules of Criminal Procedure, a district court may grant a new trial to a criminal defendant "if the interest of justice so requires." FED. R. CRIM. P. 33(a). A district court's power to grant a motion for a new trial is broader than its power to grant a motion for acquittal. *United States v. Alston*, 974 F.2d 1206, 1210 (9th Cir. 1992). In reviewing a motion for a new trial the district court need not view the evidence in the light most favorable to the verdict and may weigh the evidence and evaluate the credibility of the witnesses for itself. *Id*.

Courts have recognized that a new trial is warranted (1) if the jury's verdict is not supported

by the weight of the evidence,[2] (2) to cure improperly given jury instructions,[3] (3) for failure to give necessary defense jury instructions,[4] or (4) where evidence was improperly admitted or excluded.[5] However, where the contention is that evidence was improperly admitted or excluded, the burden is on the defendant to show not only that errors occurred, but that they were so substantial as to present a miscarriage of justice. *Walker*, 899 F. Supp. at 15.

In his motion for a new trial, Young argues that a new trial is warranted because the court (1) constructively amended the indictment during the trial resulting in conviction of crimes not charged in the second superseding indictment, (2) improperly denied certain defense proposed jury instructions, and (3) erred in admitting or excluding certain evidence. *See* Doc. #176. The court shall address each argument below.

**A. Constructive Amendment of the Indictment**

"The Fifth Amendment's Grand Jury Clause endows defendants who are charged with felonies with a substantial right to be tried only on the charges set forth in the indictment by a grand jury." *United States v. Shipsey*, 190 F.3d 1081, 1085-86 (9th Cir. 1999) (*Shipsey I*) (citing *United States v. Stirone*, 361 U.S. 212, 215-217 (1960)). As such, a court may not "substantially amend the indictment through its instructions to the jury." *Id*. at 1086 (quoting *United States v. Stewart Clinical Lab., Inc.*, 652 F.2d 804, 807 (9th Cir. 1981).

"An amendment to the indictment occurs when the charging terms of the indictment are altered, either literally or in effect by the prosecutor or a court after the grand jury has passed on

---

[2] *See United States v. Fendi North America*, 479 F.3d 1006 (9th Cir. 2007); *see also, Landes Contsr. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-72 (9th Cir. 1987) (holding that a court may grant a new trial "[i]f, giving full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed.").

[3] *See United States v. Guthrie*, 17 F.3d 397 (9th Cir. 1994).

[4] *See United States v. Vicaria*, 12 F.3d 195 (11th Cir. 1994).

[5] *See United States v. Walker*, 899 F. Supp. 14 (D. D.C. 1995).

7

them." *United States v. Adamson*, 291 F.3d 606, 614 (9th Cir. 2002). Courts have found a constructive amendment of an indictment where "(1) there is a complex of facts [presented at trial] distinctly different from those set forth in the charging instrument, or (2) the crime charged [in the indictment] was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." *United States v. Shipsey*, 363 F.3d 962, 974 (9th Cir. 2004) ("Shipsey II") (quoting *Adamson*, 291 F.3d at 615); *see also, United States v. Freeman*, 498 F.3d 893, 907 (9th Cir. 2007).

In his motion, Young argues that the court constructively amended the indictment resulting in his conviction for operating a "ponzi scheme," a crime that was not charged in the second superseding indictment. *See* Doc. #176. In particular, Young contends that the factual basis for the wire fraud charges were affirmative misrepresentations of fact, and that there were no factual allegations in that indictment about, or any charges related to, a "ponzi scheme" that initial investment returns were paid with new investment money.

The court has reviewed the documents and pleadings on file in this matter and finds that there was not a constructive amendment of the indictment because (1) the facts presented at trial were not distinctly different from the facts alleged in the indictment and (2) the jury instructions did not alter the basis for which Young could be convicted. The second superseding indictment charged Young with making false representations of fact to induce investors to invest in Global One. At trial, the government introduced evidence that Young made statements to investors that they would be repaid based on rebates from trades using the aggregating software. However, the evidence at trial established that the amounts repaid in this manner were far larger and more substantial than the actual amount of rebates earned. As such, investors were paid from new investment monies which was contrary to Young's statement. Thus, the evidence at trial supported the charges for affirmative false representations of fact as alleged in the second superseding indictment.

Additionally, the court used the Ninth Circuit pattern jury instruction governing wire fraud

and the intent to deceive.[6] Thus, the court did not constructively amend the charges in the indictment through an improper jury instruction because all necessary elements for conviction of wire fraud were the same as those alleged in the second superseding indictment, namely an intent to deceive investors of Global One. *See e.g., Shipsey I*, 190 F.3d at 1086-87 (holding that the court erred in providing a jury instruction on "wrongful conduct" when the indictment charged a defendant of theft by false pretenses). Therefore, the court shall deny Young's motion.

**B. Jury Instructions**

In his motion for a new trial, Young argues that several refused defense jury instructions should have been given by the court including: (1) the definition of securities, (2) the required elements of money laundering, and (3) the bespeaks caution doctrine. *See* Doc. #176.

**1. Securities**

Young argues that the court erred in not providing his requested jury instruction on the definition of a security[7] because the determination of whether the promissory notes at issue were in

---

[6] *See* Doc. #159 (Court's Jury Instructions).

[7] Young's proposed jury instruction concerning the definition of a security:
In order to be guilty of securities fraud, a defendant must be involved in the sales of securities. Sometimes promissory notes - which create an obligation to repay regardless of the profitability of the corporation - are securities, but sometimes not.
If you find that the Defendant issued promissory notes and not securities in Global One, then you must acquit the Defendant of Count 13 of the Second Superseding Indictment. If you have a reasonable doubt whether Defendant issued a promissory note or a security in Global One, then likewise you must acquit on Count 13.
A note is presumed to be a security, but that presumption may be rebutted according to these four categories of consideration:
1. You examine the transaction to assess the motivations that would prompt a reasonable seller and buyer to enter into it. If the seller's purpose is to raise money for the general use of a business enterprise or to finance substantial investments and the buyer is interested primarily in the profit the note is expected to generate, the instrument is likely to be a security. On the other hand, if the note is exchanged to facilitate the purchase and sale of a minor asset or consumer good, or to correct for the seller's cash-flow difficulties, or to advance some other commercial or consumer purpose, the note is less sensibly described as a "security."
2. You examine "the plan of distribution" of the instrument. If the instrument has common trading for speculation or investment, such as being offered and sold to a broad

fact securities is a necessary element of the charge of securities fraud and, as such, should have been presented to the jury.

However, whether a particular note or financial instrument is a security as defined under the Security Acts is a question of law. *McNabb v. SEC*, 298 F.3d 1126, 1130 (9th Cir. 2002) (citing *Stoiber v. SEC*, 161 F.3d 745, 749 (D.C. Cir. 1998)). Thus, it was appropriate for the court to determine whether the alleged promissory notes were a security after full briefing and argument by the parties.

**2. Money Laundering**

Young next argues that the court erred in failing to give the following two defense proposed jury instructions on the money laundering charges:

- To be convicted of money laundering, Counts 7-12, a defendant must distribute profits, and not merely receipts, from illegal sources such as wire fraud. That is, the Government must prove beyond a reasonable doubt that what the Defendant laundered was profits of the business that derived from wire fraud, and not merely receipts.

- The simple transfer of money from one bank account to another, without more, does not constitute money laundering. Nor does merely writing a check to another constitute money laundering. The transaction must have the necessary intent to conceal, or to hide the location of the funds involved.

---

segment of the public, or such as the seller not putting limitations on who could purchase the instrument, then the instrument tends to be a security and not a note.

    3.    You examine the reasonable expectation of the investing public. If the instrument is characterized as an investment, or if the instrument directly results in an income stream that is directly shared with the public and the buyer considers that to be profit, or if the defendant offers the public finders' fees for successful referrals, then the instrument tends to be a security and not a note. Contrariwise, it tends to be a note.

    4.    You examine whether some other factor, such as the existence of collateral or the existence of another regulatory scheme, significantly reduces the risk of the instrument, thus rendering the protection of the Securities & Exchange Act unnecessary. If so, it tends to be a note; if not, it tends to be a security.

As to the first defense proposed jury instruction, the court has already addressed this issue and vacated Young's convictions for Count Seven and Count Ten of the second superseding indictment.

As to the second proposed jury instruction, the court finds that this instruction is without merit because there is no intent requirement in the money laundering statute. *See e.g., Allen*, 129 F.3d at 1160 (holding that 18 U.S.C. § 1957 does not contain any requirement that the underlying monetary transaction be designed to conceal the source of the funds). As such, it was not error for the court to refuse this instruction.

### 3. Bespeaks Caution Instruction

Young finally argues that the court erred in denying his "bespeaks caution" instruction.[8] He contends that because he presented a disclaimer before each FOREX presentation emphasizing that a person could easily lose money on the FOREX market, the bespeaks caution doctrine was a complete defense to the charges of wire fraud. *See* Doc. #126.

However, the court finds that it properly declined to give the bespeaks caution instruction because it is not a defense to allegations of affirmative misrepresentations of fact or the charges of wire fraud where, as here, the charges were based on alleged false statements.

### C. Evidentiary Errors

In his motion, Young argues that the court erred on several evidentiary rulings including: (1) admitting a state court judge's opinion that Young was providing Global One members securities, rather than promissory notes; (2) admission of the Mechling judgment; (3) admission of

---

[8] The "bespeaks caution" doctrine, when it applies, is a defense to charges of wire fraud and securities fraud.

The "bespeaks caution" doctrine is a specific reformulation of the elements of reliance and materiality in a fraud case.

The question is whether a defendant, who makes a forward-looking representation with a disclaimer, contains enough cautionary language or risk disclosure in the disclaimer to protect a defendant against a claim of fraud. The cautionary statement must be precise and directly address the defendant's future projections. Blanket warnings that securities involve a high degree of risk are insufficient to ward against a securities fraud claim.

government Exhibit 63; (4) exclusion of the software demonstration; (5) exclusion of the testimony of Timothy Cory, Esquire; (6) exclusion of the testimony of Paul Muir; and (7) exclusion of the testimony of Steve Janjic. *See* Doc. #176.

Initially, the court notes that Young fails to make any showing that the court's evidentiary rulings on the aforementioned evidence resulted in any miscarriage of justice as required for a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. *See e.g., Walker*, 899 F. Supp. at 15 (holding that the burden is on the defendant to show not only that errors occurred, but that they were so substantial as to present a miscarriage of justice). Further, the trial record establishes that the court properly admitted or excluded the aforementioned evidence after being fully appraised of the issues by counsel. Thus, the court finds that it did not err in making the aforementioned evidentiary rulings and shall deny Young's motion accordingly.

IT IS THEREFORE ORDERED that defendant's motion for a new trial (Doc. #176) is DENIED.

IT IS FURTHER ORDERED that defendant's motion for acquittal (Doc. #177) is GRANTED in-part and DENIED in-part in accordance with this order. Defendant Rick Young's convictions on Count 7, money laundering in violation of 15 U.S.C. § 1957, and Count 10, money laundering in violation of 15 U.S.C. § 1957, are VACATED.

IT IS FURTHER ORDERED that the clerk of court shall amend the judgment accordingly.

IT IS SO ORDERED.

DATED this 15th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE