UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>RICK YOUNG,<br><br>        Defendant. | 3:08-CR-0120-LRH-VPC<br><br>ORDER |

      Before the court is defendant Rick Young's ("Young") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #287.[1] The United States filed an opposition (Doc. #293) to which Young replied (Doc. #294).

**I.    Facts and Background**

      On March 30, 2011, defendant Rick Young ("Young") was convicted on various counts charged in the second superseding indictment (Doc. #70) including: (1) Count One for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; (2) Counts Two and Six for wire fraud in violation of 18 U.S.C. § 1343; (3) Counts Seven, Ten and Eleven for money laundering in violation of 18 U.S.C. § 1957; and (4) Count Thirteen for securities fraud in violation of 15 U.S.C. § 78j(b) (Doc. #170). After a series of post-trial motions, Young was sentenced to three hundred (300) months imprisonment. Doc. #264. Young appealed his conviction and sentence which was

---

[1] Refers to the court's docket number.

ultimately upheld by the Ninth Circuit. Doc. #282.Thereafter, Young filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. #287.

**II.     Legal Standard**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense." U.S. Const. Amend. VI. To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that petitioner was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court must examine counsel's overall performance, both before and at trial, and must be highly deferential to the attorney's judgments." *Quintero-Barraza*, 78 F.3d at 1348 (citing *Strickland*, 466 U.S. at 688-89) (internal quotations omitted). Once a petitioner has established that counsel's performance was deficient, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

**III.    Discussion**

In his motion, Young argues that he is entitled to post-conviction relief under Section 2255 due to the ineffective assistance of his trial counsel, attorney Donald Hill ("Attorney Hill"). *See* Doc. #287. In particular, Young argues that Attorney Hill was constitutionally ineffective by failing to advise him of a formal plea agreement offered by the government on February 28, 2011, which

1 contemplated a sentencing guideline range of 63 to 78 months. Young further argues that as a result
2 of Attorney Hill's failure, he proceeded to trial where he was convicted and sentenced to 300
3 months.

4     It is well established in the Ninth Circuit that counsel has an affirmative duty to present a
5 plea offer made by the government to his client. *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th
6 Cir. 1994) ("We hold that an attorney's failure to communicate the government's plea offer to his
7 client constitutes unreasonable conduct under prevailing professional standards."); *see also*,
8 *Missouri v. Frye*, 132 S.Ct. 1399, 1408 (2012) (holding that "as a general rule, defense counsel has
9 a duty to communicate formal offers from the prosecution to accept a plea on terms and conditions
10 that may be favorable to the accused.").

11     Here, the court finds that Attorney Hill did advise defendant Young about the February 28,
12 2011 plea agreement. The evidence presented to this court through the signed affidavits of both
13 Attorney Hill and Ryan Corrigan, an independent investigator hired to assist in Young's defense
14 and trial preparation, establish that Young was advised about the plea agreement. *See* Doc. #293,
15 Exhibit A, Hill Affidavit; Exhibit B, Corrigan Affidavit. More than four years since trial, the court
16 still recalls the pervasive and persistent impression that Young was insistent on going to trial and
17 that he was so strong willed that he would pursue his own defense strategy, and that he believed he
18 would be found not guilty. The court can also recall an informal comment by Attorney Hill
19 sometime before trial that Young was not interested in a plea.  Based on Young's repeated
20 misrepresentations to the court, including presenting testimony at trial that was "false, material, and
21 willful," the court finds that Young's affidavit strains credulity. Considering that Young received a
22 sentencing enhancement for perjury, and that both Attorney Hill and an independent investigator
23 submitted affidavits stating that Young was presented with the February plea agreement, the court
24 finds that Attorney Hill was not constitutionally ineffective.

25     Additionally, based on the court's familiarity with Attorney Hill, investigator Corrigan, and
26 defendant Young, the court finds that an evidentiary hearing is not necessary for the court to decide

the present motion. The proffered affidavits set forth sufficient evidence for the court to find that Young was directly advised by Attorney Hill of the February 28, 2011 plea agreement, but that defendant Young insisted upon proceeding to trial despite the agreement. The court finds that an evidentiary hearing is not unnecessary.

### III.     Certificate of Appealability

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability ("COA") based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B).

Here, the court finds that Young has not shown a denial of a constitutional right in his motion. In denying his motion, the court notes that Young has failed to raise a meritorious challenge to his conviction and sentence based on ineffective assistance of trial counsel. *See Supra*, Section II. As such, the court finds that Young has failed to demonstrate that reasonable jurists would find the court's assessment of his claims debatable or wrong. *See Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006). Therefore, the court shall deny Young a certificate of appealability as to his motion to vacate sentence pursuant to U.S.C. § 2255.

IT IS THEREFORE ORDERED that defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #287) is DENIED.

IT IS FURTHER ORDERED that defendant is DENIED a certificate of appealability.

IT IS SO ORDERED.

DATED this 5th day of June, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE