UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:08-CR-0120-LRH-VPC |
| v. | |
| RICK YOUNG, | ORDER |
| Defendant. | |

Before the court is defendant Rick Young's ("Young") motion to alter or amend judgment. Doc. #297.[1] The United States filed an opposition (Doc. #298) to which Young replied (Doc. #299).

**I.   Facts and Background**

On March 30, 2011, defendant Rick Young ("Young") was convicted on various counts charged in the second superseding indictment (Doc. #70) including: (1) Count One for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; (2) Counts Two and Six for wire fraud in violation of 18 U.S.C. § 1343; (3) Counts Seven, Ten and Eleven for money laundering in violation of 18 U.S.C. § 1957; and (4) Count Thirteen for securities fraud in violation of 15 U.S.C. § 78j(b) (Doc. #170). After a series of post-trial motions, Young was sentenced to three hundred (300) months imprisonment. Doc. #264. Young appealed his conviction and sentence which was

---

[1] Refers to the court's docket number.

ultimately upheld by the Ninth Circuit. Doc. #282. After his appeal, Young filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #287) which was denied by the court in its entirety (Doc. #295). Thereafter, Young filed the present motion to alter or amend judgment. Doc. #297.

**II.    Discussion**

Federal Rule of Civil Procedure 60 provides district courts with a means of correcting any errors in a judgment while the court still holds jurisdiction. *See Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). Reconsideration of an order or judgment under Rule 60 is an extraordinary measure that should be granted only when the district court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

In his motion, Young argues that the court erred in denying his Section 2255 motion for several reasons including relying on deficient evidence and making improper legal conclusions. *See* Doc. #297. The court disagrees.

First, the court notes that Young's arguments are the same or similar to those arguments he made in his Section 2255 motion. The court has already addressed these arguments in denying Young's initial motion and Young has failed to provide any new argument or evidence which would warrant reconsideration of the court's prior order. Thus, there is no basis to alter or amend the judgment.

Second, the court's findings were based on legally admissible evidence that was properly before the court. In particular, the court found that "[t]he evidence presented to this court through the signed affidavits of both Attorney Hill and Ryan Corrigan, an independent investigator hired to assist in Young's defense and trial preparation, establish that Young was advised about the plea agreement." *See* Doc. #295. Young has not provided any newly discovered evidence that contradicts the court's finding. Further, Young's assertion that the affidavits from his trial counsel and counsel's investigator were unsworn is simply incorrect, and nothing in his motion establishes,

2

1  or supports a conclusion, that the court's factual findings were clearly erroneous. Therefore, the
2  court shall deny Young's motion to alter or amend judgment.

4      IT IS THEREFORE ORDERED that defendant's motion to alter or amend judgment
5  (Doc. #297) is DENIED.
6      IT IS SO ORDERED.
7      DATED this 20th day of November, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3